IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CYNTHIA BRAVO-WHITE,

          CASE NO.:

    Plaintiff,

v.

FX INSURANCE AGENCY, LLC,

    Defendants.

_____/

## COMPLAINT

Plaintiff, CYNTHIA BRAVO-WHITE ("BRAVO"), by and through her undersigned counsel, and pursuant to all applicable rules of the Federal Rules of Civil Procedure, hereby files this Complaint against FX INSURANCE AGENCY, LLC ("FARMERS" or "FX") and would state as follows:

## SUBJECT MATTER JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as BRAVO claims a violation against FX under Title I of the American with Disabilities Act of 1990, 42 U.S.C. §12203(a).

## PERSONAL JURISDICTION

2. FX is a foreign for profit limited liability corporation with its principal place of business at 6301 Owensmouth Avenue, Woodland Hills, California, 91367. FX operated, conducted, engaged in, or otherwise carried on business in the State of

Florida, or otherwise had agents within the State of Florida selling insurance products and contracts to insure persons, property and businesses located within the State.

3. FX contracted to insure persons, or property from risks within the State of Florida which subjected FX to the jurisdiction of this Court or was otherwise an agent of Farmer's Group, Inc.

4. BRAVO is an individual residing in Orange County, Florida and is otherwise sui juris. BRAVO was employed by FX beginning April 2021 through July 31, 2021. BRAVO reported, in person, to a FX's office located at 13061 Michael Callin Alley, Orlando, FL 32828 to perform her job responsibilities.

## VENUE

5. Venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(b)(2) as the conduct initiated by FX causing BRAVO's deprivation of rights accrued in Orange County, Florida and FX has an office in Orange County, Florida.

## BACKGROUND FACTS

6. BRAVO was an insurance agent in the State of Florida and has been licensed as such since June 1, 1998. BRAVO has held a life, health, property and casualty license which has been active and continuous since June 1, 1998.

7. On or about May 4, 1998, BRAVO accepted employment with Metropolitan Life Insurance Company ("MetLife"). In November 2002, BRAVO

moved to MetLife Auto and Home Company. Plaintiff's position and responsibilities remained the same with MetLife.

8. In November 2002, during BRAVO's employment with MetLife Auto and Home Company, BRAVO entered into a Property and Casualty Specialist Agreement in which BRAVO would represent MetLife Auto and Home exclusively in the sale and service of insurance products. As a Property and Casualty Specialist, BRAVO received a salary and commissions from the sale of MetLife Auto and Home products to the public.

9. On or about April 7, 2021, Farmer's Group, Inc. acquired MetLife Auto and Home property and casualty business allowing for Farmers Group, Inc. to expand its customer reach and grow its property and casualty business in the State of Florida.

10. BRAVO became employed with FX on or about April 7, 2021.

11. FX was a wholly owned subsidiary company of Farmer's Group, Inc.

12. BRAVO, as a FX employee, sold Farmers Insurance Policies and all paperwork, training, events and corporate opportunities were branded as Farmer's Insurance.

13. BRAVO is a parent of a sixteen (16) year old daughter, V.W., who suffers from a unique medical condition. During BRAVO's employment with MetLife Auto and Home Company, BRAVO applied for and received FMLA leave to care for the medical needs of V.W.

14. On or about April 22, 2021, Farmers Group, Inc. stated that Property and Casualty Specialists, such as BRAVO, would have an exclusive agency opportunity for Farmers Group, Inc. that would allow BRAVO the following:

- The assignment of service and commission rights on existing business;

- Exterior branding bonus and signing bonus opportunities;

- Additional incentives and bonus opportunities;

- Access to a broader suite of insurance products;

- Training from award winning University of Farmers;

- The option to participate in the Farmers Agent Group Benefits program;

- A contract value opportunity; and

- An opportunity to sell service commission rights on the open market after two (2) years.

15. Farmers Group, Inc. would offer BRAVO the service and commissions on existing business, including policies that were assigned to BRAVO as a Property and Casualty Insurance Specialist while employed with MetLife Auto and Home Company as an Exclusive Agent.

16. Between Farmers Group, Inc.'s acquisition of MetLife and May 24, 2021, BRAVO advised her immediate supervisor, Sam Azzalina that V.W. was approved for examination and possible treatment at Cincinnati Children's Hospital for V.W.'s condition. Cincinnati Children's Hospital is the leading pediatric research

4

hospital for pain management. Further, BRAVO advised she would likely submit for FMLA benefits to accompany her daughter to Cincinnati.

17. Between Farmers Group, Inc.'s acquisition of MetLife Auto and Home and May 24, 2021, BRAVO advised Sam Azzalina that V.W. was referred to see a doctor at Vanderbilt University who was the leading authority on V.W.'s condition. Further, BRAVO advised Sam Azzalina that she would likely submit for FMLA benefits to accompany her daughter to Vanderbilt University.

18. On May 27, 2021, FX, by and through Sam Azzalina, notified BRAVO that she would be required to attend live WebEx training on June 21, 2021 through June 25, 2021 and July 12, 2021 through July 16, 2021.

19. Mr. Azzalina advised BRAVO that FX would only allow an agent to miss one training course during the two (2) live weeks. Further, BRAVO would be required to make arrangements to be fully present and participate during the two (2) live weeks of training.

20. On May 27, 2021, BRAVO advised FX, by and through Sam Azzalina, and his supervisor, John Seaborne, that Vanderbilt University Physicians and/or Cincinnati Children's Hospital could only accommodate V.W. potentially during the live week training. Therefore, BRAVO advised that she intended to assert the protections of the FMLA and would seek approval from Human Resources if FX could not excuse BRAVO from the WebEx training.

21. On June 1, 2021, approximately five (5) days after advising FX that BRAVO intended to seek FMLA if forced to attend live training, FX on behalf of Farmers Group, Inc. alleged that BRAVO's spouse's independent insurance agency presented a conflict of interest which precluded BRAVO from participating in the exclusive agency opportunity.

22. FX's decision was contradictory to FX and Farmers Group, Inc.'s own statements prior to May 27, 2021, that FX and Farmers Group, Inc.'s agency appointment of BRAVO did not preclude BRAVO from placing business outside of Farmers, if the business was not acceptable to Farmers and eligible for placement through Kraftlake, their general agency.

23. BRAVO has been forced to retain the undersigned law firm and is responsible for payment of reasonable fees for the attorney's services.

24. BRAVO filed a Charge of Discrimination with EEOC on or about December 20, 2022. The matter was assigned Charge No.: 510-2022-01663. On July 19, 2022, the EEOC issued a Right to Sue letter. A copy is attached as **Exhibit "A."**

25. All conditions precedent to the filing of this Complaint have occurred, been performed, excused or waived.

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACTION –42 U.S.C §12112-(b)(4)

26.     BRAVO hereby reasserts and reavers the allegations set forth in Paragraphs 1 through 24 as if set forth herein.

27.     FX is a covered entity pursuant to 42 U.S.C. §12111 as FX is an employer who affects commerce and who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or proceeding calendar year.

28.     BRAVO is a qualified individual who had the ability to and could perform the essential functions of a Property and Casualty Specialist.

29.     V.W. suffers from a qualified disability pursuant to 42 U.S.C. §12102(4) as V.W. suffers from a medical condition that impairs or substantially limits one or more life activities.  V.W. is the daughter of BRAVO.

30.     BRAVO was an employee of FX pursuant to 42 U.S.C. §12111(4) prior to July 31, 2021.

31.     On or about April 22, 2021, FX on behalf of Farmers' Group, Inc. offered BRAVO a unique exclusive agency opportunity based on her industry experience and her local marketing knowledge.

32.     FX on behalf of Farmer's Group, Inc. advised BRAVO she would receive an assignment of service and commission rights on existing business, exterior branding and a signing bonus.  Further, BRAVO would be assigned service

Case 6:22-cv-01908-ACC-EJK   Document 1   Filed 10/17/22   Page 8 of 9 PageID 8

commission rights on existing business, including policies that were assigned to BRAVO as a Property and Casualty Specialist.

33. BRAVO was denied the unique exclusive agency opportunity because of BRAVO's relationship/association with V.W., a person with a known qualified disability in violation of 42 U.S.C. §12112(b)(4).

34. BRAVO's denial of the unique exclusive agency opportunity was based on her association with an individual with a qualified disability which has caused BRAVO damages, including lost sales revenue from the sale of Bravo's book of business, compensatory damages, including pain and suffering, emotional distress, inconvenience, mental anguish, loss of enjoyment of life in an amount not to exceed 42 U.S.C. §1981a-(b), attorneys' fees and costs pursuant to 42 U.S.C. §12205, courts costs, together with such and further relief as this Court may deem just and proper.

WHEREFORE, for all the foregoing reasons, Plaintiff, CYNTHIA BRAVO-WHITE, would hereby demand judgment against Defendant, FX INSURANCE AGENCY, LLC, for lost sale of her current book of business at the time of termination, lost commissions, compensatory damages pursuant to 42 U.S.C. §1981a-(b), attorneys' fees pursuant to 42 U.S.C. §12205, court costs, together with such and further other relief as this Court may deem just and proper.

8

## DEMAND FOR JURY TRIAL

Plaintiff, CYNTHIA BRAVO-WHITE, demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

*/s/ Adam C. Herman*
Adam C. Herman, Esq.
Florida Bar No: 146961
THE ORLANDO LAW GROUP, PL
12200 W. Colonial Dr., Suite 100
Winter Garden, FL 34787
Telephone:  407-512-4394
Facsimile:   407-955-4654
E-mail: aherman@theorlandolawgroup.com
           dbroxson@theorlandolawgroup.com
           sromero@theorlandolawgroup.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been furnished via the CM/ECF Official Court Electronic Document Filing System on this 17th day of October, 2022.

*/s/ Adam C. Herman*
Adam C. Herman, Esq.
Florida Bar No: 0146961
THE ORLANDO LAW GROUP, PL
12200 W. Colonial Dr., Suite 100
Winter Garden, FL 34787
Telephone:  407-512-4394
Facsimile:   407-955-4654
E-mail: aherman@theorlandolawgroup.com
           dbroxson@theorlandolawgroup.com
           sromero@theorlandolawgroup.com
Attorney for Plaintiff